STATE OF WEST VIRGINIA

FILED

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: L.H., A.L., & T.A.

No. 15-0741 (Kanawha County 15-JA-25, 15-JA-26 & 15-JA-27)

## MEMORANDUM DECISION

Petitioner Mother T.S., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's June 19, 2015, order terminating her parental rights to L.H., A.L., and T.A. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights instead of imposing a less restrictive dispositional alternative, in finding that she abused and neglected her children, and in denying her post-termination visitation. [1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner failed to protect her children from sexual abuse once she had knowledge of the allegations. According to the petition, six year-old L.H. disclosed at school that S.S., petitioner's boyfriend, had sexually abused her. Petitioner is the mother of L.H., A.L., and T.A. Additionally, L.H. disclosed that she was "scared to tell her mom in case her mom didn't believe her." L.H. also disclosed that S.S. had left bruises on her, bloodied her nose and mouth from smacking her, and that she had seen him "grab her mother by the shirt before when he was mad." L.H. made the same disclosures at her Child Advocacy Center interview. L.H. further disclosed that S.S. "made her touch his penis." According to the petition, when petitioner was advised of L.H.'s disclosures, she responded that the DHHR worker "was a retard for believing a retard and that CPS was going to be the reason that [L.H.'s] father was going to die." Petitioner did not believe L.H. and stood by S.S. The circuit court granted the DHHR legal and physical custody of the

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

children pending the preliminary hearing. The circuit court appointed counsel to represent petitioner.

In March 2015, the circuit court held an adjudicatory hearing. Ultimately, the circuit court found by clear and convincing evidence that petitioner both failed to protect L.H. after learning of the sexual abuse and that L.H., A.L., and T.A. were neglected and abused children. The circuit court also ordered the DHHR to provide petitioner with a psychological evaluation, including an evaluation of factors related to parental fitness. Petitioner's motion for an improvement period was denied. The children remained in the temporary legal and physical custody of the DHHR.

In May of 2015, the circuit court held a dispositional hearing. At the hearing, petitioner sought to voluntarily relinquish her parental rights. The DHHR and the guardian objected and the circuit court denied petitioner's request, finding that voluntary relinquishment would be contrary to the best interests of the children. The DHHR and the guardian moved the circuit court to terminate petitioner's parental rights and recommended denying post-termination visitation. The circuit court terminated petitioner's parental rights by order entered on June 19, 2015. The circuit court also denied petitioner post-termination visitation, finding it to be contrary to the children's bests interests.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon review of the record, we find no error in the circuit court's termination of petitioner's parental rights instead of imposing a less restrictive dispositional alternative, no error in finding that petitioner abused and neglected her children, and no error in denying petitioner post-termination visitation.

An abused child is one whose "health or welfare is harmed or threatened by [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly

allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." W.Va. Code § 49-1-201(A) (2012). We have also explained that

> "W.Va. Code, 49-6-2(c) [1980], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted). While petitioner claims the DHHR failed to prove abuse or neglect by clear and convincing evidence, the record demonstrates that the circuit court was presented with ample evidence of petitioner's abuse. The DHHR workers testified that L.H. disclosed that petitioner's boyfriend sexually abused her, struck her and struck petitioner, and that she did not disclose the abuse to petitioner because she was afraid petitioner would not believe her. Indeed, petitioner did not believe that her boyfriend abused L.H. and testified to the same at the adjudication hearing. Petitioner also denied that her boyfriend sexually or physically abused L.H. and she denied that L.H. told her about the abuse. Petitioner also testified that she believed that L.H. did not come up with abuse allegations on her own. Based upon the record, the evidence of abuse and neglect is sufficient to support the circuit court's findings that petitioner was an abusing parent and that her children were abused and neglected.

Further, this Court finds that the circuit court properly terminated petitioner's parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect in the home. Pursuant to West Virginia Code § 49-4-604(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected and when necessary for the child's welfare. We have held as follows:

> "[p]arental rights may be terminated where there is clear and convincing evidence that the infant child has suffered extensive physical abuse while in the custody of his or her parents, and there is no reasonable likelihood that the conditions of abuse can be substantially corrected because the perpetrator of the abuse has not been identified and the parents, even in the face of knowledge of the abuse, have taken no action to identify the abuser."

Syl. Pt. 3 *In re: Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993). The circuit court was presented with evidence that petitioner failed to protect L.H. from S.S. after learning of the sexual abuse and that petitioner maintained a relationship with S.S. and continued to deny that he sexually abused any of the children. Further, pursuant to West Virginia Code § 49-4-604(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected and when necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) also provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing . . . parents . . . have not responded to or followed through with a reasonable

family case plan or other rehabilitative efforts[.]" In the case at hand, petitioner did not believe that her boyfriend abused L.H. and testified to the same at the adjudication hearing. Petitioner also denied that her boyfriend sexually or physically abused L.H. and she denied that L.H. told her about the abuse. Petitioner also testified that she believed that L.H. did not come up with abuse allegations on her own. For these reasons, termination of petitioner's parental rights was not error.

As to petitioner's argument that the circuit court erred in terminating her parental rights instead of imposing a less restrictive alternative, the Court finds no error. Petitioner contends that the circuit court should have disposed of this matter by granting physical and legal custody with the respective fathers of each minor child. Here, the circuit court had no option but to terminate petitioner's parental rights. Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§ ] 49–6–5 . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§ ] 49–6–5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.,* 227 W.Va. 558, 712 S.E.2d 55 (2011). Here, the circuit court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that the children's welfare required termination. As such, we find that the circuit court did not err in terminating petitioner's parental rights.

Finally, we find no error in the circuit court's denial of post-termination visitation between petitioner and the children. While petitioner argues that her bond with her children necessitates that she be granted post-termination visitation with her three children, we disagree. Post-termination visitation is a discretionary action and not compulsory upon the circuit court. We have previously held that a circuit court must consider three factors when ordering post-termination visitation: whether there is a close emotional bond between parent and child; the child's wishes; and whether the visitation would be detrimental to the child's best interests. *In re Alyssa W.,* 217 W.Va. 707, 619 S.E.2d 220 (2005). Here, petitioner chose her relationship with S.S. over the safety and well-being of her children. She failed to protect them from abuse. She chose to call her daughter, L.H., a liar and a "retard" for disclosing the abuse. The circuit court reasonably concluded that post-termination visits with petitioner would not be in the children's best interests. Therefore, we find no error in the circuit court's denial of post-termination visitation between petitioner and the children.

For the foregoing reasons, the circuit court's June 19, 2015, termination order is hereby affirmed.

Affirmed.

4

**ISSUED**:  February 16, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II